M/D-2

3:07CV460-WKW

# FORM FOR USE IN APPLICATIONS

## FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED

2007 MAY 23  A 9:31

Rayshun Torbert

_____
Name

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

198029
_____
Prison Number

Easterling Correctional Facility
_____

_____
Place of Confinement

United States District Court   Middle _____ District of   Alabama _____

Case No. _____
(To be supplied by Clerk of U. S. District Court)

__Rayshun Torbert_____, PETITIONER
(Full name) (Include name under which you were convicted)

__Carter davenport_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __Alabama_____

__Troy King_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be
served in the _future_, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the _future_
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
## STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material
fact may serve as the basis for prosecution and conviction for perjury.
All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83,
the 8-1/2 x 11 inch paper size standard for use throughout the federal
judiciary and directed the elimination of the use of legal size paper. All
pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper,
otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies must be</u> mailed to the Clerk of the United States District Court whose address is
P. O. Box 711, Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack ___Lee County Circuit Court___

2. Date of judgment of conviction ___April 9, 1998___

3. Length of sentence ___Life___    Sentencing Judge _____

4. Nature of offense or offenses for which you were convicted: _____
___Murder___

5. What was your plea? (check one)
   (a) Not guilty (xx)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury (XX)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )  No ( )

8. Did you appeal from the judgment of conviction? Yes ( ) No ( )

9. If you did appeal, answer the following:
   (a) Name of court Court of Criminal Appeals
   (b) Result  Affirmed
   (c) Date of result   N/A
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No (XX)

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court
       (2) Nature of proceeding

       (3) Grounds raised

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
       (5) Result
       (6) Date of result
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court
       (2) Nature of proceeding

       (3) Grounds raised

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
       (5) Result
       (6) Date of result

(c) As to any third petition, application or motion, give the same infor-
    mation:
    (1) Name of Court _____
    (2) Nature of proceeding _____
        _____
    (3) Grounds raised _____
        _____
        _____
        _____
        _____
        _____
        _____
    (4) Did you receive an evidentiary hearing on your petition, application
        or motion? Yes ( ) No ( )
    (5) Result _____
    (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result
    of any action taken on any petition, application or motion:
    (1) First petition, etc.        Yes ( ) No ( )
    (2) Second petition, etc.       Yes ( ) No ( )
    (3) Third petition, etc.        Yes ( ) No ( )
(e) If you did not appeal from the adverse action on any petition, applica-
    tion or motion, explain briefly why you did not: _____
    _____
    _____
    _____
    _____
    _____

12. State concisely every ground on which you claim that you are being held
    unlawfully. Summarize briefly the facts supporting each ground.

    CAUTION: In order to proceed in the federal court, you must ordinarily first
             exhaust your state court remedies as to each ground on which you
             request action by the federal court. As to all grounds on which you
             have previously exhausted state court remedies, you should set them
             forth in this petition if you wish to seek federal relief. If you
             fail to set forth all such grounds in this petition, you may be
             barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised
grounds for relief in habeas corpus proceedings. Each statement preceded by
a letter constitutes a separate ground for possible relief. You may raise
any grounds which you may have other than those listed if you have exhausted
all your state court remedies with respect to them. However, you should
raise in this petition all available grounds (relating to this conviction)
on which you base your allegations that you are being held in custody unlaw-
fully.

    If you select one or more of these grounds for relief, you must allege
facts in support of the ground or grounds which you choose. Do not check
any of the grounds listed below. The petition will be returned to you
if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced
    or not made voluntarily with understanding of the nature of the
    charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an
    unconstitutional search and seizure, [where the state has not
    provided a full and fair hearing on the merits of the Fourth
    Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an
    unlawful arrest, [where the state has not provided a full and
    fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-
    incrimination.
(f) Conviction obtained by the unconstitutional failure of the prose-
    cution to disclose to the defendant evidence favorable to the defen-
    dant.
(g) Conviction obtained by a violation of the protection against double
    jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was
    unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one: _____ See Attached Argument in Support _____

    Supporting FACTS (tell your story briefly without citing cases or
    law): _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

B.  Ground two: _____

    Supporting FACTS (tell your story briefly without citing cases or
    law): _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

C.  Ground three:_____

Supporting FACTS (tell your story briefly without citing cases or
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.  Ground four: _____

Supporting FACTS (tell your story briefly without citing cases of
law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously pre-
sented in any other court, state or federal state briefly what grounds were
not so presented, and give your reasons for not presenting them:_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending in any court, either state
or federal, as to the judgment under attack? Yes ( ) No (XX)

15.  Give the name and address, if known, of each attorney who represented you in
the following stages of the judgment attacked herein:
(a) At preliminary hearing N/A _____
_____

(b) At arraignment and plea  N/A _____
_____

(c) At trial ___N/A_____

(d) At sentencing _N/A_____

(e) On appeal __N/A_____

(f) In any post-conviction proceeding _N/A_____

(g) On appeal from any adverse ruling in a post-conviction proceeding:____
    N/A
    _____
    _____

16. Were you sentenced on more than one count of an indictment, or on more
    than one indictment, in the same court and at the same time?
    Yes ( ) No ( XX)

17. Do you have any future sentence to serve after you complete the sentence
    imposed by the judgment under attack?
    Yes ( ) No ( XX)
    (a) If so, give name and location of court which imposed sentence to
        be served in the future:_____
        _____
    (b) And give date and length of sentence to be served in the future:_____
        _____
    (c) Have you filed, or do you contemplate filing, any petition attacking
        the judgment which imposed the sentence to be served in the future?
        Yes ( ) No ( XX)

    Wherefore, petitioner prays that the Court grant petitioner relief to
which he may be entitled in this proceeding.


                              N/A
                         _____
                         Signature of Attorney (if any)

    I declare ( or certify, verify, or state) under penalty of perjury that the
foregoing is true and correct. Executed on __14 MAy 07_____
                                                    (date)

                         _____
                         Signature of Petitioner

The Petitioner's Sixth Amendment Rights to Legal Representation was violated where his Right to Counsel of Choice was not recognized.

The Petitioner contends that the trial court did not regard his retained counsel of record when he went to trial. He allowed what is said to be the son of the attorney the Torbert hired. Allowing this attorney to step in because he was sent by the original attorney, or that he may have been the relative of the hired attorney is an abuse of discretion. Therefore, this court should review based upon **Wheat v. United States**, 486 U.S. 153, 163, 164, 108 S.Ct. 1692, 1699-1700, 100 L.Ed 2d 140 (1988).

The Sixth Amendment guarantees criminal defendants that in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense. More than sixty years ago, the Supreme Court recognized that an essential part of that right is the accused's ability to select the counsel of his choice. See **Powell v. Alabama**, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed 158 (1932) (It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.). Thus, a criminal defendant has a presumptive right to counsel of choice, _Wheat_, 486 U.S. at 164, 108 S.Ct. at 1700, and courts should hesitate to disqualify defense counsel.

In **United States v. Gonzalez-Lopez**, 126 S.Ct. 2557; 165 L.Ed 2d 409; 2006 U.S.
LEXIS 5165, the Court ruled that in light of the Government's concession of erroneous
deprivation, the trial court's error violated respondent's Sixth Amendment right  to
counsel of choice. The Court  rejects the Government's contention that the violation is
not complete unless the defendant can show that substitute counsel was ineffective
within the meaning of **Strickland v. Washinton,** 466 U. S. 668, 691-696, 104 S. Ct.
2052, 80 L.Ed 2d 674--ie.., that his performance was deficient and the defendant was
prejudiced by it--or the defendant can demonstrate that substitute counsel's
performance,  while not deficient, was not as good as what his counsel of choice
would have provided, creating a "reasonable probability that...the result would have
been different, id., at 694. To support these propositions, the Government emphasizes
that the right to counsel is accorded to ensure that the accused receive a fair trial,
**Mickens v. Taylor**, 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed 2d 291, and asserts
that a trial is not unfair unless a defendant has been prejudiced. The right to counsel
of choice,  however, commands not that a trial be fair, but that a particular guarantee of
fairness be provided--to wit, that the accused be defended by the counsel he believes
to be best. Cf. **Crawford v. Washington**, 541 U.S. 36, 61, 124 S.Ct 1354, 158 L.ed
2d 177. That right was violated here; no additional showing of prejudice is required
to make the violation complete.

The Sixth Amendment violation is not subject to harmless-error analysis. Erroneous
deprivation of the right to counsel of choice, with consequences that are neccessarily

and indeterminate, unquestionably qualifies as structural error. **Sullivan v. Louisiana**, 508 U.S. 275, 165 L.Ed 2d 415, 282, 113 S.Ct. 2078, 124 L.Ed 2d 82. It defies analysis by harmless error standards because it affects the framework within the trial proceeds and is not simply an error in the trial process itself. **Arizona v. Fulminante**, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed 2d 302. Different attorneys will pursue different stragies with regard to myriad trial matters, and the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides to go to trial. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those choices on the outcome of the proceedings. This inquiry is not comparable to that required to show that a counsel's deficient performance prejudiced a defendant.

Nothing in the Court's opinion casts any doubt or places any qualification upon its previous holding limiting the right to counsel of choice and recognizing trial court's authority to establish criteria for admitting lawyers to argue before them. However, broad a trial court's discretion may be, this Court accepts the Government concession that the District Court erred.

Whether the Petitioner's rights to the Sixth and Fourteenth Amendments were violated by the State and the Trial Court's failure to acquit the petitioner of Murder which was the essential element of the indicted offense?

The claims raised by the Petitioner has not been addressed by their merits. However, the Petitioner has demonstrated that he has been found guilty of an offense which has never been addressed by the State, nor has he been indicted for. The State of Alabama claimed that Torbert was the principle in a murder charge, which resulted in a life sentence. However, the Alabama Court of Criminal Appeals in an unpublished opinion **Torbert v. State**, (No. CR-97-1562) 767 So.2d 412 (Ala.Crim.App. 1999) that the facts demonstrated he aided and abeted in the murder. Therefore, Torbert could not have been the principle agent of the offense, as charged.

The Petitioner has never informed, nor was the fact presented to the jury. Torbert was never capable of defending against the charge of "aiding and abetting", where it is evident that the State failed to carry it's burden of proving the essential charge.

The Sixth Amendment to the United States Constitution clearly states that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previosuly ascertained by law, and to be imformed of the nature and cause of the accusations; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assitance of Counsel for his defense.

This was not the case. The Alabama Court of Criminal Appeals attempts to

demonstrate that the state's burden of proving the case of murder was reduced

where it could be shown that the petitioner aided in the the criminal act. A person

is legally accountable for behavior of another in section 13A-23 **Code of Ala.**,

1975 if (1) he procures, induces or causes such other person to committ the offense; or

       (2) he aids and abets such other person in committing the offense; or

       (3) having a legal duty to prevent the commission of the offense; he fails

to make an effort he is legally required to make.  Petitioner's efforts in his defense was

not to defend against these elements.  Torbert's due process rights of the Fourteenth

Amendment was denied him, where he was never informed of the accusations such as

presented.

    Obviously, the jury did not understand the instruction given, whereas the state's

burden was reduced. The instructions to the jury could not have conveyed the law

as required. A court must determine not whether the instruction could have been
applied

unconstituional, but whether there is a reasonable likelihood that the jury understood

the instructions to allow conviction based on proof insufficient to meet the **Re Winship**,

(1970) 397 US 358, 25 L.Ed 2d 368, 90 S Ct. 1068, standard.

    Two general vices may render a reasonable doubt instruction unconstituional:

that it urges the jury to convict on a standard of proof lower than beyond a reasonable

doubt, or that it permits the jury to go outside the record evidence to convict.

    The facts never pinned the Petitioner as the principle of the crime, although, he

had been charged and subsequently went to trial as the principle element of the

murder. This allowed the state to lessen it's burden of proof, and be capable of

drawing straws as to what charge would actually be used to convict.

Rayshun Torbert 186020
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

OFFice Of the Cleek
United States District Court
P.O. Box 711
Mestgomery, Alabama s
36130

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."