IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RAYSHUN TORBERT, #198 029 | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-460-WKW |
| | | (WO) |
| CARTER DAVENPORT, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Petitioner Rayshun Torbert's motion to reinstate petition for writ of habeas corpus. Upon review of the motion, the court concludes that it should be denied for the reasons that follow.

Petitioner submitted the above-captioned action which he styled as *Rayshun Torbert v. Carter Daventport, Warden*. (*See* Doc. No. 1 at 1.) A review of the court's records for Rayshun Torbert reflected that in filing the present petition, Petitioner was once again seeking to challenge his 1998 conviction for murder entered against him by the Circuit Court for Lee County, Alabama. (*See* Doc. No. 1 at 2.) The court, therefore, determined that the instant petition represented Petitioner's second attempt at challenging the merits of his 1998 conviction because previously, the court, by order filed June 6, 2005, denied and dismissed on the merits Petitioner's first application for habeas corpus relief in which he challenged his 1998 murder conviction entered against him by the Circuit Court for Lee County, Alabama.

*See Torbert v. Haley*, Civil Action No. 3:02-CV-1385-MEF (M.D. Ala. 2005).[1]

In the pending motion, now reflecting a caption with a different spelling of Petitioner's surname, *i.e.*, To*l*bert, Petitioner moves the court to reinstate the present petition based upon an order entered by the Eleventh Circuit Court of Appeals which he maintains states:

> A review of the district court records for the Middle District of Alabama did not reveal any records under the name Rayshun Tolbert. Accordingly, Tolbert's current proposed section 2254 petition is not second or successive within the meaning of 28 U.S.C. section 2244(b)(A).

(Doc. No. 5 at 1.)

The records of this court do indeed reflect an absence of a 28 U.S.C. § 2254 petition filed by a one "Rayshun Tolbert." The instant action, however, was submitted under the name Rayshun Torbert, AIS #198029, and the AIS number Petitioner now submits under the name Rayshun Tolbert is also AIS #198029. The website for the Alabama Department of Corrections indicates that AIS #198029 is assigned to Rayshun Torbert. The agency's website does not reveal an inmate incarcerated in the ADOC by the name Rayshun Tolbert, AIS#198029.[2]

The undersigned does not doubt the validity of the Eleventh Circuit Court of Appeals' order quoted above with respect to "Rayshun To*l*bert's" request for an order authorizing this court to consider his successive application for habeas corpus relief. That order, however,

---

[1] Petitioner's first federal habeas petition was filed on his behalf by retained counsel.

[2] *See* http://www.doc.state.al.us/.

2

was premised on erroneous information submitted by Petitioner to the appellate court. Had the appellate court been provided with the correct spelling of Petitioner's last name as he spelled it in both his first habeas petition (Civil Action No. 3:02-CV-1385-MEF) as well as the instant application for habeas relief, (Doc. No. 1 at 1), there is no doubt that the appellate court's search of this court's records would have revealed that Petitioner did, in fact, previously file a 28 U.S.C. § 2254 petition with this court which was denied on the merits.

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's Motion to Reinstate Petition for Writ of Habeas Corpus (Doc. No. 5) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before August 14, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd day of August 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE